UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**REBECCA REED**,
For herself and on behalf of all
similarly situated individuals**,**

    Plaintiff,

v.                                                            Civil Action No. 3:08cv547

**ICON FITNESS, INC.**                                   JURY TRIAL DEMANDED

and

**ARVEST BANK**

and

**DENT-A-MED, INC.,** d/b/a
HC Processing Center

    Defendants.

### SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, REBECCA REED, by counsel, and for her Second Amended Complaint against the Defendants, ICON FITNESS, INC., ARVEST BANK and DENT-A-MED, INC., d/b/a HC PROCESSING CENTER, she alleges as follows:

### Introduction

1.     This is a class action complaint prosecuted for the Defendants' systematic violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq*. The Defendants accept and process consumer credit applications and participate in adverse actions against consumers. Despite this role, the Defendants do not send consumers lawful notices of adverse action as required under the ECOA.

## Jurisdiction

2.   This complaint is filed for violations of the Federal Equal Credit Opportunity Act, 15 U.S.C. §1691 *et seq*.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332(d), 1367 and 15 U.S.C. §1691e.

## Parties

3.   The Plaintiff to this lawsuit, Rebecca Reed, is a "consumer" as defined by 15 U.S.C. §1681a(c).  Rebecca Reed is an "applicant" for the purposes of the ECOA.

4.   Defendant ICON Fitness, Inc. ("ICON") is a foreign corporation transacting business over the Internet and is a "creditor" for purposes of the ECOA.

4.a.   Defendant Arvest Bank ("Arvest") is a foreign bank and is a "creditor" for purposes of the ECOA.

4.b.   Defendant Dent-A-Med, Inc., d/b/a HC Processing Center ("Dent-A-Med") is a foreign corporation and is a "creditor" as defined in the ECOA.

## FACTS

5.   On or about November 22, 2006, the Plaintiff completed her application for a loan and provided her application to ICON from her residence in Virginia, via the internet.

6.   On or about November 22, 2006, ICON attempted to obtain financing for Plaintiff through Arvest.  Arvest, upon information and belief, relies upon Dent-A-Med, for the purposes of approving and/or denying credit with potential consumers.

7.   The Defendants then obtained and used the Plaintiff's consumer credit report in and for a credit decision to reject the Plaintiff's loan application.

8.   Each Defendant participated in the credit decision as to the loan application and the terms of credit that would be made available to the Plaintiff.

9. When this credit decision was rendered upon the Plaintiff's application, it constituted an adverse action. The Plaintiff's loan application was not approved.

10. ICON and Arvest failed to send an adverse action notice following the rejection of the November 22, 2006, application within the time allowed by the ECOA.

11. ICON and Arvest failed to notify Plaintiff of any credit decision within 30 days of the November 22, 2006, application.

12. Arvest and ICON failed to issue any notice of the adverse action upon the November 22, 2006, application under either the ECOA.

12.a. The adverse action notice Dent-A-Med provided to the Plaintiff failed to lawfully inform the Plaintiff of the basis or statement of reasons for Dent-A-Med's adverse action.

13. Upon information and belief, the Plaintiff alleges that the Defendants do not have in place procedures necessary to avoid the violations of the ECOA as alleged in this complaint.

## PRACTICES AND POLICIES OF DEFENDANTS

14. It is or was the practice and policy of the Defendants to:

   a. Take adverse action as to consumers without sending appropriate notices under the ECOA; and

   b. Fail to maintain records of its compliance with the ECOA.

## FIRST CLAIM FOR RELIEF
## FEDERAL EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. §1691(d)
## ("the ECOA Class Claim")

15. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out

3

herein.

16. The Defendants willfully and intentionally violated the ECOA, 15 U.S.C. § 1691(d) by taking an adverse action against the Plaintiff's application for credit without providing the Plaintiff with a written statement of the reasons for such action.

17. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for herself and on behalf of a class ("the ECOA class") of similarly situated individuals initially defined as follows:

   For the period from August 22, 2006, through June 30, 2009, with ICON Fitness, Inc., in connection with their attempted purchase of fitness equipment, were denied credit by Defendants, and received a letter from Defendants notifying them of this adverse action, which letter listed as a basis for denial of credit "Does not meet Company Lending Guidelines."

   Excluded from the class definition are any employees, officers, directors of ICON, Arvest and Dent-A-Med, any legal representatives, heirs, successors, and assignees of ICON, Arvest and Dent-A-Med, and any judge assigned to hear this action.

18. **Numerosity, Fed. R. Civ. P 23(a)(1)** Upon information and belief, the Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by the Defendants and the class members may be notified of the pendency of this action by published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as 18 members will satisfy the numerosity requirement in some cases, and generally, 40 members will nearly always satisfy the numerosity requirement.

19. **Predominance of Common Questions of Law and Fact Fed. R. Civ. P. 23(a)(2)**
   Common questions of law and fact exist as to all members of the putative class, namely

        whether Defendants violated the ECOA when they sent an adverse action notice to credit applicants with a reason given of "Does not meet Company Lending Guidelines." These questions predominate over the questions affecting only individual members.

20. **Typicality** Fed. R. Civ. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member because, on information and belief, Defendants provided an adverse action notice with a reason given of "Does not meet Company Lending Guidelines" to every member of the putative class. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

21. **Adequacy of Representation** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class because: her interests coincide with, and are not antagonistic to, the interests of the members of the putative class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. The interests of members of the putative class will be fairly and adequately protected by Plaintiff and her counsel.

22. **Superiority** Fed. R. Civ. P. 23(b)(3) Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the number of individuals affected by the Defendants' actions. Even if the members of the class themselves could individually afford such litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments

and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

23. **Injunctive and Declaratory Relief Appropriate for the Class  Fed. R. Civ. P. 23(b)(2)** Class certification is appropriate, because the Defendants have acted on grounds generally applicable to the class, making appropriate equitable declaratory and injunctive relief with respect to Plaintiff and the putative class members.

24. Based on the Defendants' failure to provide a notice appropriate under ECOA to members of the putative class and for its failure to identify the reasons for denial of credit to the members of the putative class, the Plaintiff and the putative class members are entitled to declaratory and injunctive relief pursuant to Rule 23(b)(2) requiring 1) that the Defendants provide an appropriate notice with the reason for denial of credit to the Plaintiff and the putative class members; 2) that the Defendants be ordered to comply with the ECOA notice provisions in all future similar transactions; and 3) a declaration that the Defendants did violate the ECOA for each class member.

WHEREFORE, your Plaintiff moves for judgment for herself and on behalf of the defined class against the Defendants for actual, statutory and punitive damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

REBECCA REED

_____/s/_____
Gary L. Abbott, Esq., VSB #68829
Attorney for Rebecca Reed
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
garyabbott9@msn.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2009, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Calvin W. Fowler, Jr. (VSB #27982)
Turner A. Broughton (VSB #42627)
Harold E. Johnson (VSB # 65591)
Counsel for Defendants
Williams Mullen
Two James Center
P.O. Box 1320
Richmond, VA 23219
(804) 643-1991
(804) 783-6507

By: _____/s/_____
Gary L. Abbott, Esquire
VSB # 68829
Counsel for Rebecca Reed
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
garyabbott9@msn.com