UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| REBECCA REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 3:08cv547 ) |
| ICON FITNESS, INC., | ) ) |
| ARVEST BANK, | ) ) |
| And | ) ) |
| DENT-A-MED, INC., d/b/a HC Processing Center, | ) ) ) |
| Defendants. | ) |

## ORDER APPROVING SETTLEMENT

The Court reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement ("Stipulation") dated April 15, 2010, and having reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses and a Class Representative incentive award, and the Court having held a Fairness Hearing after being satisfied that notice to the Settlement Class has been provided in accordance with the Court's Order Preliminarily Approving Proposed Settlement entered on May 27, 2010, (the "Preliminary Approval Order"), and the Court having taken into account any objections submitted prior to the Fairness Hearing in accordance with the provisions of the Preliminary Approval Order and the presentations and other proceedings at the Fairness Hearing, and having considered the proposed Settlement in the context of all prior proceedings had in this Litigation, the Court enters the following FINDINGS and CONCLUSIONS:

A. Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Stipulation.

B. The Court has subject matter jurisdiction over this Litigation and all acts within this Litigation, and over all the parties to this Litigation, including all members of the Settlement Class.

C. The Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and the Class Representative Plaintiff have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the proposed Settlement.

D. The Court finds that the notice to putative Settlement Class Members, which was comprised of individual mailed notice to all putative Settlement Class Members as identified in Dent-A-Med, Inc.'s records: (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Litigation, their right to object and to appear at the Fairness Hearing or to exclude themselves from the proposed Settlement, (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Rule 23 of the Federal Rules of Civil Procedure.

E. The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement, has been advised of all objections to the proposed Settlement, and has given fair consideration to such objections.

F. The proposed Settlement is the product of good faith, arm's length negotiations between Class Representative Plaintiff and Class Counsel, on the one hand, and Defendants, on the other hand.

G. The proposed Settlement, as provided for in the Stipulation, is in all respects fair, reasonable, adequate, and proper and in the best interest of the Settlement Class. In reaching this conclusion, the Court considered a number of factors, including: (i) an assessment of the likelihood that the Settlement Class would prevail at trial; (ii) the range of possible recovery available to the Settlement Class Members; (iii) the consideration provided to Settlement Class Members pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risk of litigation, including the risk of maintaining a class through trial; (iv) the complexity, duration, and expense of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the proposed Settlement; and (vi) the stage of the proceedings at which the proposed Settlement was reached.

H. All objections to the proposed Settlement are overruled and denied in all respects.

I. A list of those putative Settlement Class Members who have timely elected to Opt Out of the proposed Settlement and the Settlement Class, and who are therefore not bound by the proposed Settlement, the provisions of the Stipulation, and this Order, has been submitted to the Court as an exhibit to the Affidavit or Declaration of Matthew E. Pohl, filed at the Fairness Hearing by the Class Counsel and Defense Counsel. All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the proposed Settlement, the Stipulation, and this Order.

On the basis of the foregoing findings and conclusions and submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Certification of Class and Approval of Settlement

1. The proposed Settlement and the Stipulation are hereby approved as fair, reasonable, adequate and in the best interests of the Settlement Class, and the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The objections to the Settlement are overruled and denied in all respects. The proposed Settlement, as set forth in the Stipulation, is hereby decreed to be the Final Settlement ("Settlement").

2. The Court having found that each of the elements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, for purposes of settlement only, the Settlement Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> For the period from August 22, 2006 through June 30, 2009, all natural persons in the United States who applied for credit with ICON Fitness, Inc., in connection with their attempted purchase of fitness equipment, were denied credit by Defendants, and received a letter from Defendants advising that the credit application had been denied and identifying as one of the reasons for denial a basis of "Does not meet Company Lending Guidelines." Excluded from the Settlement Class are any employees, officers, or directors of Defendants, any legal representatives, heirs, successors, assignees of Defendants, and any judge assigned to hear this action.

The putative Settlement Class Members identified on the list submitted to the Court as having timely and properly elected to Opt Out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the monetary or other benefits afforded to the Settlement Class Members under the Stipulation. The Court readopts

and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the nationwide class proposed in the Settlement.

3. For purposes of Settlement only, Plaintiff is certified as representative of the Class and Class Counsel is appointed counsel to the Class. The Court concludes that Class Counsel and Class Representative Plaintiff have fairly and adequately represented the Settlement Class with respect to the Settlement and the Stipulation.

4. Notwithstanding the certification of the foregoing Class and appointment of the Settlement Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Settlement Class representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

### Release and Injunctions Against Released Claims

5. Arvest Bank, Dent-A-Med, Inc. and ICON Fitness, Inc., as broadly defined in the Stipulation, shall be released, remised and forever discharged from all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or

other equitable relief, or any other relief, remedy, or right of action of any kind or nature, relating in any way to the content of the Adverse Action Notices, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Lawsuit; or (2) are, were, or could have arisen out of or been related in any way to any alleged failure to comply with any law or the terms of the ECOA; or (3) are described in the definition of Plaintiff's Claims in this Stipulation or otherwise was a claim that was asserted by Plaintiff or any Settlement Class Member in the Lawsuit; or (4) are based in whole or in part upon acts by Defendants which comply with the terms of this Stipulation.

6. The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims.

7. With respect to the Released Claims, Plaintiff and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any state of the United States, federal law or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

Applications for Attorneys' Fees, Costs and Expenses and
Representative Plaintiff Incentive Award

8.  The Court has reviewed the application for an award of fees, costs and expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials submitted in support of that litigation. The Court recognizes that in the Stipulation, Defendants have agreed not to oppose a class representative incentive award of up to $5,000.00, to be paid by Dent-A-Med on behalf of Defendants up to that amount, and that Defendants have agreed not to oppose the award of attorneys' fees up to $66,862.75. This agreement is in addition to the prospective relief to be provided to Class Members under the Agreement. On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $ 66,862.00 and an incentive award to Plaintiff in the amount of $ 5,000.00 to be paid by Defendants in accordance with the terms of the Stipulation.

Other Provisions

9.  Neither the Stipulation nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiff, and any Settlement Class Member, Defendants, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Litigation are or are not meritorious, and this Order, the Stipulation or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, and Settlement Class Member or any other person has suffered any damage; *provided, however,* that the Stipulation

and this Order may be filed in any action by Defendants seeking to enforce the Stipulation or the Order by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The terms of the Stipulation shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

10. In the event the Stipulation does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Order shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Entry of Judgment; Continuing Jurisdiction

11. Without in any way affecting the finality of this Order, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Stipulation and (b) the enforcement of the injunctions described in paragraph 6 of this Order. This Order is hereby ENTERED as a Final Judgment.

SO ORDERED this __24__ day of __Aus__, 2010.

/s/
Henry E. Hudson
United States District Judge